**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3075
_____

KULDEEP KAUL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A098 493 289
Immigration Judge:  Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2010

Before: AMBRO, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 24, 2010)
_____

OPINION
_____

PER CURIAM

   Kuldeep Kaul petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which denied his motion to reopen.  We will deny the petition for

review.

Kaul is a native of India and a citizen of Kenya. Kaul entered the United States on a visitor's visa and was placed in removal proceedings for staying longer than permitted. He applied for asylum and related relief, claiming that he was, and would be, persecuted in Kenya because of his ethnicity. The Immigration Judge ("IJ"), in an order dated October 23, 2006, denied asylum as to Kenya, denied withholding of removal to Kenya and India, denied relief under the Convention Against Torture as to both countries, and ordered Kaul removed to Kenya. The BIA affirmed without opinion on September 8, 2008.

Kaur filed a motion to reopen, dated December 10, 2008, and received by the BIA on December 11, 2008. In an affidavit attached to the motion, Kaul stated that "there have been significant changes in Kenya that cause me to fear for the safety of my family and my self." A.R. 9. Kaul noted that in December 2007 and early January 2008, there had been riots leading up to the elections. Kaul referred to attached articles "regarding the attacks on Kenyan Indians." Id. Kaul stated that the "current climate has allowed Indian businesses to be targeted and rioting has occurred outside of Indian homes." Id. Kaul stated that he would not be able to survive economically in Kenya, and that "these are very dangerous times for an Indian in Kenya and for a Kashmiri-born Indian in India, a country to which I no longer have citizenship."

The BIA noted that the motion was untimely, but that the time limitations do not

apply to a motion to reopen based on changed country conditions. The BIA found, however, that the changed country conditions exception was inapplicable. The BIA noted that despite the submission of "various articles describing the recent unrest in Kenya which surrounded the national elections in early 2008," Kaul had "failed to demonstrate how such evidence sets forth a viable asylum claim." A.R. 3. The BIA also noted that the IJ had found no pattern or practice of persecution of Kenyans of Indian descent. The BIA found that Kaul "has not presented his evidence of current country conditions within the context of any specified well-founded fear of persecution claim that would relate to him," and noted that fear of generalized ethnic strife would not warrant reopening. The BIA thus denied the motion as untimely. Kaul filed a timely petition for review.

## II.

Because Kaul did not file a petition for review of the September 8, 2008 decision, we may only review the Board's June 19, 2009 decision. See Nocon v. I.N.S., 789 F.2d 1028, 1032-33 (3d Cir. 1986) (final deportation orders and orders denying motions to reopen are independently reviewable; a timely petition for review must be filed with respect to the specific order sought to be reviewed). We review a decision denying a motion to reopen for abuse of discretion. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). A motion to reopen generally must be "filed within 90 days of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Kaul's motion was filed beyond the 90 days. However, as the BIA noted, there is an exception to the time

3

requirements for motions to reopen based on changed circumstances arising in the country of nationality since the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii).[1]

We find that the BIA did not abuse its discretion in denying the motion to reopen. The IJ had found that Kaul's experiences in Kenya, including being questioned by government officials for eight hours on one occasion, and losing contracts after the government changed, did not constitute persecution. Kaul did not explain why the civil unrest that occurred around the end of 2007 and beginning of 2008 would increase the likelihood that he would be singled out for persecution in Kenya.[2] "Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum . . . ." Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (quoting Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998)).

Kaul argues that the BIA should have discerned his claim that Kenya has a

---

[1] In his brief, Kaul states, without explanation, that the BIA's finding that his motion was untimely "is not correct." Petitioner's Brief at 8. His motion to reopen states, again without explanation, that "[t]here are no time and numerical limitations on the motion." A.R. 8. Although Kaul never expressly references the "changed country conditions" exception to a timely motion to reopen, we will assume, as apparently did the BIA, that he is invoking that exception.

[2] An asylum applicant can show that he has an objective well-founded fear of persecution in the future by either showing that he would be individually singled out for persecution or by demonstrating that there is a pattern or practice of persecution of people similarly situated in his country of citizenship. Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 232 (3d Cir. 2008).

4

"pattern or practice" of persecution of Asians by reading the attachments to his motion to reopen. Petitioner's Brief at 13-15. Kaul did not argue in his motion to reopen that there was such a pattern or practice. However, because the BIA did comment on the issue, by referring to the IJ's finding that there was no pattern or practice of persecution of Kenyans of Indian descent, see A.R. 3, we have authority to address the claim. Lin v. Att'y Gen., 543 F.3d 114, 123 (3d Cir. 2008) (where BIA raises claim sua sponte, claim is considered exhausted for purposes of review in court of appeals). We find that the BIA did not abuse its discretion in failing to find a pattern or practice of persecution of Asian Kenyans based on rioting that appears to have occurred over a two-month period nearly a year before Kaul filed his motion. Although the materials note that many Indian-owned businesses were destroyed during the rioting, we do not see any indication in the materials submitted with the motion to reopen that Asian Kenyans would continue to have a well-founded fear of persecution on the basis of their race or ethnicity. The evidence Kaul submitted does not establish that any problems experienced by Asian Kenyans are "systemic, pervasive, or organized," as would be required to find a pattern or practice of persecution. Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (citation omitted).

For the foregoing reasons, we will deny the petition for review.

5